**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50266 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-02699-L-1 |
| v. | |
| RAMON GONZALEZ-RODRIGUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior United States District Judge, Presiding

Argued and Submitted May 4, 2010
Pasadena, California

Before: B. FLETCHER and PAEZ, Circuit Judges, and WALTER, Senior United
States District Judge.[**]

Ramon Gonzalez-Rodriguez appeals from the 55-month sentence imposed

following his conviction for attempted reentry following deportation, in violation

of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Cir. R. 36-3.

[**]     The Honorable Donald E. Walter, Senior United States District Judge
for the Western District of Louisiana, sitting by designation.

**1.**     Gonzalez-Rodriguez contends that the district court improperly admitted into evidence a warrant of removal/deportation in violation of his rights under the Sixth Amendment's Confrontation Clause.  As our case law recognizes, a warrant of removal/deportation is not testimonial in nature.  *See United States v. Orozco-Acosta*, No. 09-50192, 2010 WL 2089474, at *3–5 (9th Cir. May 26, 2010); *United States v. Bahena-Cardenas*, 411 F.3d 1067, 1075 (9th Cir. 2005).  Therefore, the admission of the warrant of removal into evidence at trial did not violate the Sixth Amendment.

**2.**     Next, Gonzalez-Rodriguez argues that admission of the certificate of nonexistence of record ("CNR") violated his rights under the Sixth Amendment's Confrontation Clause.  As the government concedes, the district court erred in admitting the CNR.  *See Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527, 2539 (2009) (plurality) (specifically citing a CNR as an example of testimonial hearsay requiring confrontation); *Orozco-Acosta*, 2010 WL 2089474, at *2–3 (9th Cir. May 26, 2010) (recognizing that, under *Melendez-Diaz*, a CNR is testimonial).  The error, however, was harmless beyond a reasonable doubt.  *See United States v. Norwood*, 595 F.3d 1025, 1030 (9th Cir. 2010).  There was overwhelming evidence from which a jury could have found that Gonzalez-Rodriguez "had not obtained the consent of the Attorney General or the Secretary of the Department of

Homeland Security to reapply for admission into the United States," Ninth Cir. Crim. Jury Inst. 9.5A (2003), including the fact that he was found hiding extremely close to the Mexico border and that he twice confessed to having not sought permission to re-enter the United States.

**3.** Finally, Gonzalez-Rodriguez argues that his statements to the border patrol agents should not have been admitted at trial because he was not properly advised of his *Miranda* rights. We disagree. Even though the border patrol agents prevented Gonzalez-Rodriguez from leaving, used force to capture another individual in the group, briefly drew their firearms, and interrogated him about his citizenship and immigration status, the agents were within the bounds of a valid *Terry* stop. *See United States v. Medina-Villa*, 567 F.3d 507 (9th Cir. 2009); *United States v. Galindo-Gallegos*, 244 F.3d 728 (9th Cir. 2001). Therefore, Gonazalez-Rodriguez was not in custody at the time he was initially questioned and was not entitled to a *Miranda* warning. Accordingly, Gonzalez-Rodriguez's statements to police after he was given the *Miranda* warning were not tainted by a prior constitutional violation. Thus, Gonzalez-Rodriguez's pre- and post-*Miranda* statements were properly admitted.

**AFFIRMED.**